UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROSHAUN REID,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN S. LAKE,<br><br>        Respondent. | Case No. 1:19-cv-00747-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND AS FRIVOLOUS<br><br>ECF No. 1 |

Petitioner Kenneth Roshaun Reid, a federal prisoner without counsel, sought a writ of mandamus under 28 U.S.C. § 1361. *Reid v. Clayton*, 1:19-cv-549, ECF No. 1. (E.D. Cal. Apr. 24, 2019). He argued that the court must compel the Commissioner of the United States Securities and Exchange Commission to collect ten million dollars allegedly owed to him. *See generally id*. The court dismissed the case as frivolous, and petitioner attempted to file a Section 2241 habeas petition in that closed case. ECF No. 1 at 1. Rather than docketing the newly-filed Section 2241 petition in Case No. 1:19-cv-549, the clerk of court appropriately opened this new case. *See id*. The Section 2241 petition is now under preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in any habeas proceeding. *See* Rules Governing Section 2254 Cases, Rule 1(b); *cf*. 28 U.S.C. § 2243. I recommend that the court dismiss the case for lack of jurisdiction and as frivolous.

1

Petitioner contends that the court must order his immediate release and payment to him of two million dollars. He argues that he is entitled to such relief because he is innocent—for the following reasons:

> (1) The government had no "bona fide contract" before detaining petitioner.
> (2) The court that sentenced petitioner was an admiralty court.
> (3) There were "no charges bonded" to the government's allegations.
> (4) Petitioner's charges were never read into the record.
> (5) Petitioner's charges were not submitted to a grand jury.
> (6) The government could not state a claim against petitioner because there was no "verified claim" against petitioner.

ECF No. 1 at 3-10. Petitioner has not signed the petition under the penalty of perjury as required under Rule 2(c). *Id*. at 10. And the allegations mischaracterize what happened in petitioner's criminal proceeding, which resulted in his conviction for murder in connection with drug trafficking. *See generally United States v. Reid*, 523 F.3d 310, 312 (4th Cir. 2008); *United States v. Reid*, No. 0:04-cr-353 (D.S.C. filed Mar. 30, 2004); *cf. Reid v. Kizziah*, No. 7:18-cv-16, 2018 WL 3213616, at *1 (E.D. Ky. June 29, 2018) (summary of petitioner's criminal proceeding).

Petitioner has litigated habeas petitions under Sections 2241 before several courts, including this one. *See Reid v. Ebbert*, No. 1:17-cv-1062, ECF No. 8 at 2-4 (M.D. Pa. 2017) (compiling a list of petitions filed by Reid under Sections 2241 and 2254); *Reid v. Lake*, No. 1:19-cv-244, 2019 WL 4045689, at *1 (E.D. Cal. Apr. 1, 2019), *recommendation adopted*, 2019 WL 4033881 (E.D. Cal. Aug. 27, 2019). As this court has already explained, to proceed with a habeas petition under the savings clause—as petitioner attempts to do here—he must: (1) claim actual innocence and (2) have had no "unobstructed procedural shot" at presenting his claims. *Reid*, 2019 WL 4045689, at *2 (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). None of petitioner's arguments pertain to his actual innocence: a claim of actual innocence means "factual innocence"—that is, the petitioner must not have committed the underlying offense—not that there has been a legal error. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner also had an unobstructed opportunity to litigate the claims he raises now on direct appeal. *See United States v. Reid*, 523 F.3d 310 (4th Cir. 2008). Most fundamentally, his claims frivolous. Petitioner was, in fact, indicted by a grand jury. *See Reid*, No. 0:04-cr-353, ECF Nos.

56, 138. Petitioner's criminal proceeding took place before a district court, not an admiralty court. *See Reid*, No. 0:04-cr-353 (D.S.C. filed Mar. 30, 2004).[1] Other arguments, such as the one that the government needed a "bona fide" contract with petitioner before detaining him, have no basis in law.

Finally, the court should decline to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. In cases where the court denies habeas relief on procedural grounds, the court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.

**Findings and Recommendations**

I recommend that the court dismiss the case for lack of jurisdiction and as frivolous.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

---

[1] We warn petitioner against filing frivolous submissions. "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice." *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990). The court may sanction petitioner if he continues to pursue frivolous arguments.

3

District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: September 25, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202